IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-285-F-4

UNITED STATES OF AMERICA )
)
)
vs. ) **ORDER**
)
ARTHUR SHABAZZ SANDERS, JR., )
)
Defendant. )
)

Before the court is *pro se* Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). [DE 357]. For the reasons explained below, Defendant's motion is properly construed as a motion for reconsideration of the court's February 10, 2014 Order denying Defendant's motion for reduction of sentence.[1]

## I. BACKGROUND

On November 6, 2008, a grand jury returned a one-count superseding indictment charging Defendant with conspiracy to possess with intent to distribute and to distribute cocaine and more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 169]. On February 3, 2009, Defendant pled guilty to the superseding indictment pursuant to a written plea agreement. [DE 195]. Later, Defendant moved to withdraw his guilty plea, which the court denied.

The United States Probation Office ("USPO") prepared a presentence report ("PSR") that recommended Defendant be held accountable for 3,056.7 grams of cocaine base (crack) and 126.2 grams of cocaine. Under the 2008 United States Sentencing Guidelines ("U.S.S.G." or

[1] *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

"the Guidelines") in effect when Defendant was sentenced, the crack and powder cocaine were together equivalent to 61,159.24 kilograms of marijuana.[2] That amount corresponded to a base offense level of 38 in the Drug Quantity Table. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (U.S. Sentencing Comm'n 2008) (indicating offense level of 38 for "30,000 KG or more of Marihuana").

In 2008, Application Note 10(D) to § 2D1.1 provided for a two-level reduction if a drug offense involved both crack cocaine and another controlled substance. *See id.* § 2D1.1 cmt. n.10(D)(i); *United States v. Chess*, 610 F.3d 965, 968 (7th Cir. 2010). Defendant's base offense level was thus set at 36. In 2008, Defendant's prior state felony conviction served as a predicate felony conviction for the career offender enhancement under the Controlled Substances Act. Application of this enhancement increased Defendant's base offense level to 37. *See* U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2008). The PSR included a three-level downward adjustment for acceptance of responsibility. *See id.* § 3E1.1(b). While Defendant's criminal history points established a criminal history category of V, his career offender status resulted in a criminal history category of VI. Defendant's criminal history category of VI and a total offense level of 34 yielded an imprisonment range of 262 to 327 months. On August 5, 2009, the court sentenced Defendant to a term of 262 months' imprisonment. [DE 226]. Defendant appealed his conviction and sentence. [DE 279].

Prior to the Fourth Circuit addressing Defendant's appeal, however, significant changes in sentencing laws occurred, which would ultimately impact Defendant's sentence. First, on August

---

2 The Guidelines provide that when combining different controlled substances to obtain a single offense level, each of the drugs must be converted to its marijuana equivalent and then added together. U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.10(B) (U.S. Sentencing Comm'n 2008). In 2008, the drug equivalency table provided that 1 gram of cocaine equaled 200 grams of marijuana and that 1 gram of cocaine base equaled 20 kilograms of marijuana. *Id.* § 2D1.1 cmt. n.8(E).

3, 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), which, *inter alia*, modified the penalties for cocaine base (crack) offenses. The FSA authorized the United States Sentencing Commission (the "Commission") to amend the Guidelines to give effect to the FSA on an emergency basis. *Id.* § 8. Amendment 750 to the Guidelines made permanent the temporary emergency Amendment 748, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c) pursuant to the FSA.[3] Amendment 748 also changed the marijuana equivalency for 1 gram of crack cocaine from 20 kilograms of marijuana to 3,571 grams of marijuana. *See* U.S. Sentencing Guidelines Manual app. C (U.S. Sentencing Comm'n 2015). Finally, Amendment 748 revised the commentary to § 2D1.1 by striking Application Note 10(D), thus eliminating the two-level decrease Defendant had received for multiple-drug cases involving crack cocaine. *Id.*

Second, on August 17, 2011, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit held that, for a North Carolina conviction to serve as a predicate felony conviction for a career offender enhancement under the Controlled Substances Act, the defendant must have actually faced a possible sentence of more than one year's imprisonment under applicable North Carolina law. *See id.* at 243-47.

On October 13, 2011, the Fourth Circuit Court of Appeals affirmed Defendant's conviction. *See United States v. Sanders*, 449 F. App'x 311 (4th Cir. 2011). However, the Fourth Circuit vacated Defendant's sentence and remanded the case for resentencing for the court to determine whether Defendant was entitled to relief under *Simmons*. Thereafter, the USPO issued a revised sentencing recommendation according Defendant the benefit of the *Simmons*

---

3 As explained in the Guidelines, Amendment 750 "re-promulgate[d] as permanent the temporary, emergency amendment [i.e., Amendment 748] (effective Nov. 1, 2010) that implemented the emergency directive in section 8 of the [FSA]." *See* U.S. Sentencing Guidelines Manual app. C. Amendment 759 made Amendment 750 retroactively applicable effective November 1, 2011. *See id.*

holding, the FSA and the revised Guidelines.

On July 13, 2012, the court held a resentencing hearing, during which Defendant contested the drug weight attributed to him as determined by the USPO. The court ultimately attributed 56.7 grams of cocaine base (crack) and 3,969 grams cocaine powder to Defendant which together were equivalent to 996.28 kilograms of marijuana. In 2012, that amount corresponded to a base offense level of 30 in the Drug Quantity Table. U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (Sentencing Comm'n 2012). Three levels were deducted for acceptance of responsibility. With Defendant's criminal history of V, the amended total offense level of 27 yielded an imprisonment range of 120 to 150 months. The court resentenced Defendant to 150 months' imprisonment.[4] [DE 302].

On January 2, 2014, Defendant moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the "2007 Guideline Amendment Nine" (properly referred to as Amendment 706).[5] Amendment 706 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S. Sentencing Guidelines Manual app. C (U.S. Sentencing Comm'n 2015). In particular, it provided a two-level reduction in base offense levels for crack cocaine offenses.[6] *See id.* On February 10, 2014, the court denied Defendant's motion. The court explained that while Amendment 706 applied to Defendant, the amendment did not lower Defendant's guideline

---

4 Defendant appealed this sentence, which the Fourth Circuit dismissed as barred by the appellate waiver in Defendant's plea agreement. [DE 311].

5 *See United States v. Anderson*, 2008 U.S. Dist. LEXIS 88451, at *2 n.1 (W.D. Va. Oct. 31, 2008) (stating Amendment 706 was presented to Congress as Amendment 9 but "it became effective on November 1, 2007 as Amendment 706 of the United States Sentencing Guidelines").

6 The Commission made Amendment 706 retroactively applicable, effective as of March 3, 2008. *See* U.S. Sentencing Guidelines Manual app. C (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

imprisonment range.[7] [DE 325].

On April 21, 2015, Defendant filed his second motion for reduction of sentence reduction pursuant to § 3582(c), this time seeking the benefit of Amendment 782 to the Guidelines. [DE 343]. Amendment 782 generally reduced the offense levels for drug offenses by two levels. U.S. Sentencing Guidelines Manual app. C. The Sentencing Commission thereafter adopted Amendment 788, which gave retroactive effect to Amendment 782. *Id.* As a result, Defendant's base offense level fell from 30 to 28. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(6). Three levels were deducted for acceptance of responsibility. With Defendant's criminal history of V, the amended total offense level of 25 yielded an imprisonment range of 100 to 125 months. On September 3, 2015, the court granted Defendant's motion and reduced his sentence to 125 months' imprisonment. [DE 354].

## II. DISCUSSION

Defendant characterizes the instant motion as one brought pursuant to 18 U.S.C. § 3582(c) and seeks the benefit of U.S.S.G. § 1B1.10(c)[8] and retroactive Amendment 706. As noted, Amendment 706 generally adjusted downward by two levels the base offense level assigned to crack cocaine offenses.

---

7 On February 20, 2014, Defendant appealed the court's decision. [DE 327]. On May 19, 2014, the Fourth Circuit dismissed the appeal for failure to prosecute. [DE 333].

8 Defendant erroneously relies on U.S.S.G. § 1B1.10(c). Section 1B1.10(c) provides as follows:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S. Sentencing Guidelines Manual § 1B1.10(c) (Sentencing Comm'n 2015). Here, the Government never filed a pre-sentence motion pursuant 18 U.S.C. § 3553(e) requesting a reduction from the bottom of Defendant's guidelines range nor a post-sentence motion pursuant to Rule 35 of the Federal Rules of Criminal procedure. Accordingly, § 1B1.10(c) is inapplicable.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). These exceptions are identified in 18 U.S.C. § 3582(c). Specifically, § 3582(c) provides that a court may modify a sentence in three circumstances only: (1) upon motion by the Director of the Bureau of Prisons, *id.* § 3582(c)(1)(A); (2) pursuant to either Rule 35 of the Federal Rules of Criminal Procedure or other express statutory authority, *id.* § 3582(c)(1)(B); or (3) where a defendant was sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the United States Sentencing Commission, provided that certain other requirements are met, *id.* § 3582(c)(2). If the court finds a defendant eligible for sentence reduction, the court then "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Neither the Director of the Bureau of Prisons nor the Government has moved to reduce Defendant's sentence. On February 10, 2014, the court considered and denied Defendant's earlier § 3582(c)(2), which also sought the benefit of Amendment 706. Section 3582(c) offers Defendant no further relief. *See United States v. Clark*, 565 F. App'x 277, 278 (4th Cir. 2014) ("A district court lacks authority to grant a motion to reconsider its ruling on a § 3582(c)(2)."). Accordingly, the court finds that it lacks jurisdiction to consider the instant motion. Thus, the Court finds that it lacks jurisdiction to consider Defendant's motion. *See United States v. Williams*, No. 6:07-CR-01207-GRA-1, 2013 U.S. Dist. LEXIS 93320, at *5 (D.S.C. July 3, 2013) (denying defendant's motion to reconsider the court's earlier § 3582(c) motion due to "lack[] of jurisdiction") (citing *United States v. McKelvey*, 504 Fed. Appx. 220 (4th Cir. 2013)). Accordingly, the motion must be denied.

Additionally, the court ADVISES Defendant that the proper procedural attack of his sentence is a motion pursuant to 28 U.S.C. § 2255. However, such a motion may have serious implications for Defendant due to the procedural limitations on § 2255 motions and may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

First, under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioners must file a § 2255 motion within one year of the latest of four triggering events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Second, petitioners are also limited in the number of motions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see* 28 U.S.C. § 2255(h). Finally, while a motion under § 2255 may be amended or supplemented, *see* 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644 (2005), leave to amend may be denied when the amendment would be futile, such as when the proposed claim would be time-barred. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [DE 357], which the court construes as a motion to reconsider, is DENIED. Furthermore, to the extent Defendant seeks to file a § 2255 motion, he must file it on **Form AO**

**243 - Motion Under 28 U.S.C. § 2255**. The Clerk of Court is DIRECTED to send Defendant Form AO 243. If Defendant elects to pursue a § 2255 motion, he shall have twenty-eight days within which to file Form AO 243. Defendant should send the properly completed and signed Form AO 243 to the following address:

Clerk of Court
United States District Court, E.D.N.C.
ATTN: Prisoner Litigation Division
P.O. Box 25670
Raleigh, North Carolina 27611

SO ORDERED.

This the 23 day of March, 2016.

**JAMES C. FOX**
Senior United States District Judge